IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

KARISSA JOHNSON,
*PLAINTIFF*

     V.

Case No. 5:18-cv-1303

CITY OF YOAKUM, TEXAS,
THERESA BOWE,
ANITA RODRIGUEZ,
KEVIN COLEMAN, and
STEVEN KEITH STARY
*DEFENDANTS*

## PLAINTIFF'S ORIGINAL COMPLAINT
## <u>& JURY DEMAND</u>

### Introduction

Plaintiff Karissa Johnson files this lawsuit pursuant to 42 U.S.C. §1983, 42 U.S.C. §1988, and 28 U.S.C. §2201, against the City of Yoakum, Texas and several of its officials, to force the Defendants to cease their unlawful prior restraint of Plaintiff's protected speech. By an unwritten policy or custom, the City of Yoakum prohibits those not employed with the city from criticizing anyone who has been, or is currently, employed by the city during its city council meetings. By unwritten policy or custom, Defendants City of Yoakum, Theresa Bowe (City Secretary), Anita Rodriguez (Mayor), and Kevin Coleman (City Manager) have unlawfully restricted and will continue to restrict Plaintiff Karissa Johnson's First Amendment rights – and the rights of anyone not

1

employed by the city, who would utter a critical word about a current or former city employee during a council meeting. Plaintiff challenges the City of Yoakum's unwritten policy or custom to exclude critical speech both facially and as applied. Plaintiff seeks declaratory and injunctive relief to this effect.

Further, Plaintiff Karissa Johnson brings this suit against Defendant Theresa Bowe, Yoakum's City Secretary, and Defendant Anita Rodriguez, Mayor of Yoakum, for retaliating against Mrs. Johnson for the exercise her First Amendment rights on May 8, 2018, pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988. She seeks damages against these Defendants in their individual capacities. Because the custom these defendants were enforcing constituted an official city policy or custom, Mrs. Johnson seeks damages from Defendant City of Yoakum, as well. *Monell v. N.Y.C. Dept. of Social Servs.*, 436 U.S. 658, 690-91 (1978).

Finally, Plaintiff Karissa Johnson files this lawsuit pursuant to 42 U.S.C. §2201 for a declaration that former City of Yoakum employee Steven Keith Stary violated the Health Insurance Portability and Accountability Act for disclosing protected information about Plaintiff Karissa Johnson to third parties in violation of said Act.

### Jurisdiction and Venue

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, and §1343.  Venue in this Court is appropriate under 28 U.S.C. §1391(b).

### Plaintiff

2.      Plaintiff Karissa Johnson is an adult resident of Yoakum, Lavaca County, Texas.

**Defendants**

3.      Defendant Theresa Bowe is the secretary of the City of Yoakum, Lavaca & DeWitt Counties, Texas, and is sued in her individual capacity.  She may be served at City Hall located at 808 Hwy 77 A South, Yoakum, Texas.

4.      Defendant Anita Rodriguez is the mayor of the City of Yoakum, Lavaca & DeWitt Counties, Texas, and is sued in her individual capacity.  She may be served at City Hall located at 808 Hwy 77 A South, Yoakum, Texas.

5.      Defendant Kevin Coleman is the city manager of the City of Yoakum, Lavaca & DeWitt Counties, Texas, and is sued in his official capacity.  He may be served at City Hall located at 808 Hwy 77 A South, Yoakum, Texas.

6.      Defendant Steven Stary is a former employee of the Fire Department of the City of Yoakum, Lavaca & DeWitt Counties, Texas, and is sued in his individual capacity.  He may be served at Cuero Regional Hospital at 2550 N. Esplanade St., Cuero, TX 77954.

7.      Defendant City of Yoakum is a legal government entity defined by Texas Government Code §554.001, and may be served by serving Mayor Anita Rodriguez through the City Manager Kevin Coleman at 808 Hwy 77 A South, Yoakum, Texas.

**Statement of Facts**

_Defendant Steven Stary Unnecessarily Delayed Plaintiff from Reaching a Hospital for Surgery:_

8.      On June 26, 2017, Karissa Johnson was at home in Yoakum, Texas in the process of giving birth to her first daughter. She was attended by her husband and two Texas Licensed Midwives. Right before delivery, her daughter turned into the breech position. Per the midwives' protocol, they

immediately required Karissa Johnson's husband to call for emergency services to get Mrs. Johnson to the nearest and best hospital.

9.      Four emergency medical technicians (hereinafter "EMTs") arrived, including Defendant Steven Stary, Yoakum Fire Department Captain James Herchek, and two basic EMTs. At that time, Defendant Stary was employed by the City of Yoakum's Fire Department as an EMT Paramedic. (EMT Paramedics have a higher level of training than basic EMTs.)

10.     Immediately upon arrival at Mrs. Johnson's home, Defendant Stary refused to attend to Mrs. Johnson, but instead began arguing with her husband about the way he placed the call for service. Stary was so loud and argumentative that Mrs. Johnson could hear him in the other room, during one of the scariest times in her life.

11.     As the other EMTs prepared to transfer Mrs. Johnson from her home into an ambulance, the midwives asked that Mrs. Johnson be placed on her side to decrease stress on the baby, which is also a procedure EMTs learn through their training. It is a standard procedure.

12.     Defendant Stary began arguing with the midwives, irrationally demanding that Mrs. Johnson be placed on her back on the scoop stretcher. Fire Department Captain Herchek stepped into the argument, overruled Stary, and Mrs. Johnson was transported to the hospital on her side.

13.     Mrs. Johnson gave birth to a very blue baby girl, who the attending physician indicated would not have survived if there had been any further delay in getting her to the hospital for an emergency cesarean-section.

14.     Defendant Stary thereafter spread rumors of the situation at Mrs. Johnson's home to unrelated third parties where he worked at a different job, criticizing her husband's placement of the call for

emergency services to those who had no right to that information.

15.     Word travels in a small town, and Mrs. Johnson learned that Defendant Stary was violating her right to privacy about the emergency service she needed to save her baby on June 26, 2017.

16.     Defendant Stary had delayed getting her to the hospital on one of the scariest days of her life by needlessly arguing, debating, and by trying to force her into a position that he should have known would be dangerous for the baby per standard EMT training. Defendant Stary then violated federal law by spreading rumors about the emergency call, naming her family by name.

*City of Yoakum Wished to Deal with Stary's Misconduct Behind Closed Doors:*

17.     In early October of 2017, Mrs. Johnson asked Defendant Kevin Coleman, Yoakum's City Manager, to place her on the agenda of the City's council meeting scheduled for October 10, 2017. She explained to Coleman in writing and during an in-person meeting that she wished to state a complaint about a city employee. Defendant Coleman denied her request to be placed on the agenda in October of 2017, referencing a policy that the City of Yoakum would not hear complaints about employees in a council meeting, as it required such had to be heard in closed session. He required her to file a written complaint that Coleman would privately handle.

18.     The City of Yoakum will allow anyone to place an item on the city council's meeting agenda so long as the request is timely. Anyone with a complaint about any city-matter, like the dog-leash laws (or lack thereof), can have their complaint placed on the agenda of the next city council meeting. While anyone may be placed on the general agenda for any city-purpose, there is no designated separate public comment section to any city council meeting.

19.     Mrs. Johnson requested a copy of the policy requiring a city-employee-complaint to be dealt

with in executive session, behind closed doors. Coleman provided her Chapter 12 of the City's Policy manual, entitled "Discipline and Personnel Actions," part of the Open Meetings Handbook for municipalities that included a reference to Texas Government Code §551.074, part of the City's Personnel Manual, a truncated copy of Robert's Rules of Order, a truncated copy of the Public Information Act, and part of the Yoakum Code of Ordinances. Nowhere in any of the documents was there a written policy or written procedure about what type of issues may or may not be placed on the agenda of the Yoakum City Council. In none of the material was there an explicit statement that a complaint against an employee cannot be heard in a public council meeting.

20.     Mrs. Johnson did some research on past council meetings. The City of Yoakum had allowed employees of the Fire Department and the Police Department to complain about each other during a council meeting in 2015. The City of Yoakum had repeatedly allowed praise of various city employees to be placed on the agenda through the years, including a finance director and a librarian. Seeing no stated policy or procedure forbidding her complaint against Stary, and knowing of a history of both complaining and praising of city employees in council meetings, she sought the aid of undersigned counsel.

21.     On October 25, 2017, counsel wrote Mayor Anita Rodriguez, City Manager Kevin Coleman, and the councilmembers, indicating that they were engaging in a prior restraint of Mrs. Johnson's speech, and asking that she be placed on the council's agenda for the November 14, 2017 council meeting. Counsel for the city reiterated their unwritten policy, qua custom, of excluding employee-complaints from the council meetings.

22.     Kevin Coleman and counsel for the City of Yoakum informed Mrs. Johnson that the only city

employee she could complain about in a public meeting was Kevin Coleman. They claimed that City Manager Coleman was solely responsible for city employee personnel matters, which would be handled privately. Kevin Coleman's own employment, however, was decided by the entire city council, and so complaints about Kevin Coleman may be discussed in a public city council meeting. Stated another way: The only reason a complaint about a city employee could not be placed on the agenda was because the Yoakum City Council does not make decisions about any employee other than the city manager.

23.     Mrs. Johnson asked to be placed on the November 14, 2017 agenda to complain about Kevin Coleman's refusal to place her complaint about Stary on the council's agenda. Mrs. Johnson appeared at that meeting and read her complaint about not being allowed to complain. Mayor Rodriguez, after Mrs. Johnson read her complaint about not being able to complain, orally reiterated during that November 14th council meeting the unwritten policy excluding an employee-complaint from their public city council meetings. Without a written policy, based on the City of Yoakum's practices, we must assume that their unwritten policy/custom prohibits non-Kevin Coleman-related employee complaints by someone not employed by the City of Yoakum.

24.     Mrs. Johnson did not wish to have her complaint of Defendant Stary heard in private. Having learned of many situations in the region[1] where misbehaving public employees were allowed to

---

[1] *See e.g.* Former Deputy Pleads Guilty to Official Oppression, (Jan. 11, 2016) J. Priest, *Victoria Advocate*, https://www.victoriaadvocate.com/news/local/former-deputy-pleads-guilty-to-official-oppression/article_e73b5b2a-9b29-5ae4-a349-61430b6989e6.html ("Last year, Bettes' case highlighted some flaws not only in the Victoria County Sheriff's Office's hiring practices but in the hiring practices of all law enforcement in Texas. Some sheriffs described other law enforcement agencies as being unwilling to be honest or forthcoming about former employees because they feared being sued.").

resign in lieu of discipline, only to be rehired in a neighboring county, Mrs. Johnson wanted her complaint placed on the public record, where it would be subject to the Texas Public Information Act. Stary's unprofessional incompetence delayed her getting to the hospital and could have cost her baby's life. Mrs. Johnson wanted the public to know what one of their public employees had done.

*Defendant Steven Stary Was Allowed to Resign in Lieu of Discipline – Again:*

25.     In the meantime, Mrs. Johnson filed an official complaint with Texas Health and Human Services, the entity which hears complaints about Texas certified and licensed EMTs. That entity confirmed receipt of her complaint on December 4, 2017 for Stary's unprofessional conduct during the emergency call and for the HIPAA violation. As far as she knows, the complaint is still pending.

26.     On January 9, 2018, Defendant Stary was asked to resign from the City of Yoakum Fire Department, ostensibly on an unrelated issue about an internal conflict with other fire department employees. Instead of challenging his disciplinary action, he elected to resign on January 10, 2018. Since January 10, 2018, Stary has not been a City of Yoakum employee in any capacity. There are no statutes, rules, or policies that allow a municipality to "discipline" a former employee.

27.     This was not the first time Defendant Stary had been allowed to resign from employment with the City of Yoakum. The Yoakum Fire Department had employed Stary as an EMT in the early 2000's. After he got into a physical argument with another employee, he was allowed to resign. In his resignation, he cited "personnal differences" (sic) and commented that he had "no hard feelings." His employee file with the City of Yoakum reflects repeated negative reports about his argumentative attitude toward his co-workers and toward the nurses and doctors at hospitals to which he transferred patients. Instead of being terminated, he was twice permitted to resign. He currently

works for another neighboring government entity.

28.     Mrs. Johnson learned of Stary's most recent forced resignation. On May 1, 2018, she asked via written request to be placed on the City of Yoakum's city council meeting agenda to give praise to Fire Department Captain Herchek and other EMTs and firefighters employed by the City of Yoakum. Defendant Kevin Coleman agreed to place her on the May 8, 2018 council agenda, but reiterated to her that she would not be allowed to criticize anyone during her comments. His admonishment was in writing, and is hereby attached and incorporated by reference as *Exhibit A*.

*Mrs. Johnson Was Publicly Shamed and Chased from City Hall by City Actors:*

29.     Mrs. Johnson appeared on May 8, 2018 to read the statement attached and incorporated by reference hereto as *Exhibit B*. She was allowed to read her thanks to Captain Herchek. When she reached the part of her statement where she says "[Herchek] also remained cool, calm, collected, and in control while Mr. Stary was busy doing an excellent job criticizing my husband about how he placed the call for service," Mayor Rodriguez immediately physically reacted to the mention of Stary's name, looking over at City Secretary Bowe. At the second mention of Stary's name, Mayor Rodriguez interrupted Mrs. Johnson and said "point of order."

30.     In what was a planned call-and-response moment between Mayor Rodriguez and Secretary Theresa Bowe, as the entire City of Yoakum Council watched on silently, Theresa Bowe responded immediately to Mayor Rodriguez's "point of order," by indicating that the statements were not allowed in the meeting. Sounding as if she were reading a planned statement, Bowe stated that the information was inappropriate for discussion at the council meeting. Mayor Rodriguez responded: "Yes, I agree with what you're saying."  Theresa Bowe then stated that she wanted a short recess to

bring the meeting to order. Mayor Rodriguez approved of Theresa Bowe's recess. Nothing about the council meeting, however, was out-of-order.

31.    Mrs. Johnson, without oral complaint or doing anything to disrupt the proceedings, left the podium when Mayor Rodriguez agreed with Theresa Bowe, and began to gather her infant daughter to leave the council chambers. The meeting was not in disorder. There was no uproar or noise, nor even whispered talking. Mrs. Johnson had not even used the full time allotted to her, nor had she finished reading *Exhibit B*. Defendant Theresa Bowe approached Mrs. Johnson in council chambers, in front of Mayor Rodriguez and the council, telling Mrs. Johnson that they would speak of what had just happened either there in the council chambers or outside. Theresa Bowe had not asked for a recess to bring the meeting to order, but to confront Mrs. Johnson. Mrs. Johnson responded to Bowe that she had no intention of speaking about it anywhere and told Defendant Bowe that she was leaving. Mrs. Johnson did not disrupt that meeting; she did not even utter a single word in frustration when she was forced from the podium by Rodriguez and Bowe.

32.    Theresa Bowe then followed Mrs. Johnson, accompanied by her infant child, outside the building. As friends, family, and public employees watched on, Bowe publicly shamed Mrs. Johnson for daring to complain about Stary's unprofessional conduct during her comments praising Chief Herchek. Bowe forced the face-to-face confrontation with Mrs. Johnson, who was trying to leave, and got within a foot of Mrs. Johnson's face. Bowe accused Mrs. Johnson of taking Captain Herchek, who was physically present, away from his family by being deceitful. Bowe spoke to Mrs. Johnson as if Johnson were a child.

33.    Mrs. Johnson was humiliated there in public by Yoakum's City Secretary, who's actions were

encouraged by Mayor Rodriguez. Defendants Bowe, Rodriguez, and Coleman then had a law enforcement officer follow Mrs. Johnson, her infant, and her husband as they drove away from City Hall. Mrs. Johnson, who has never been arrested, and had done nothing to warrant law enforcement involvement, felt even more embarrassed and afraid, as a city police officer followed her vehicle.

34.     Mrs. Johnson's speech was a matter of public concern; A news reporter appeared at the November 14, 2017. A news reporter informed Mrs. Johnson that he was covering the May 8, 2018, as well, though he did not physically attend.

35.     After the May 8, 2018 council meeting, Mrs. Johnson made a Public Information Act request of the City of Yoakum. Defendant Theresa Bowe fielded the request in writing, requiring a fee for the responsive material. While Mrs. Johnson would have ordinarily just appeared in person to review the material rather than pay for copies, she felt compelled to pay for the copies, as she was too afraid to return to city property to review the documents.

36.     Mrs. Johnson was shaken by Mayor Rodriguez and City Secretary Bowe's choice to not only prevent her from speaking, but to also engage in public shaming and have her followed by a police officer. The particular police officer they set after her is rumored to have been under investigation by the Texas Rangers for a violent felony offense, which was dismissed when the victim refused to testify. For many days, she feared going into public, and she feared allowing her husband to leave the house without her. Having done nothing that warranted a police escort from City Hall, for many days, she feared an unlawful arrest for her speech. These Defendants caused Mrs. Johnson anxiety that prevented her from sleeping for several nights.

37.     Mrs. Johnson was formerly a librarian employed by the City of Yoakum. In November of

2018, Theresa Bowe criticized Mrs. Johnson's attempts to speak at the city council meeting to Mrs. Johnson's former co-workers at the library, calling her attempt to exercise her First Amendment rights "stupid." By doing so, Bowe demonstrated the retaliatory intention of her following, shaming, and having a police officer follow Mrs. Johnson on May 8, 2018. Bowe was also intentionally attempting to sour Mrs. Johnson's relationships with former co-workers in retaliation for Mrs. Johnson's First Amendment protected speech.

## Causes of Action

38.    Plaintiff incorporates by reference all the foregoing paragraphs, and asks that insofar as the following theories of liability include additional factual allegations, those allegations be taken as true, and further alleges as follows:

39.    Plaintiff Karissa Johnson seeks damages from Defendants Anita Rodriguez and Theresa Bowe for the retaliation they engaged in on May 8, 2018 against Mrs. Johnson for exercising her First Amendment rights, and for the further retaliation Theresa Bowe engaged in on or about November 1, 2018. *Keenan v. Tejeda*, 290 F.3d 252 (5th Cir. 2002).

40.    Plaintiff seeks damages from Defendant City of Yoakum for the retaliation she experienced at the Mayor and Secretary's hands on May 8, 2018. *Kennan v. Tejeda*, 290 F3d 252 (5th Cir. 2002); *Monell v. N.Y.C. Dept. of Social Servs.*, 436 U.S. 658, 692 (1978).

41.    Plaintiff asks that the Court enjoin the City of Yoakum, Anita Rodriguez, Theresa Bowe, and Kevin Coleman from enforcing the unwritten policy or custom at issue in this lawsuit until it has enacted a policy that complies with the First Amendment to the United States Constitution.

## Declaratory Relief – 28 U.S.C. §2201

42.    Plaintiff asks for a declaration that the unwritten policy or custom complained of is unconstitutional on its face and/or as applied to Mrs. Johnson when Stary was a city employee before January 10, 2018.

 a.    Plaintiff asks for a declaration that the unwritten policy or custom is content-based viewpoint discrimination, as it

  (i) allows those employed by the City of Yoakum to criticize other employees, but prohibits non-employees from the same criticism,

  (ii) allows anyone to criticize the City Manager, but no other city employees, and

  (iii) permits praise but prevents criticism about the same people involved in the same fact pattern.

 b.    Plaintiff asks for a declaration that the unwritten policy or custom is based on an illegitimate government plan to conceal wrong-doing of city employees so that they may easily gain employment with other government entities and/or later seek re-employment with the City of Yoakum, while shielding the City of Yoakum from negligent hiring/retention claims, and that said plan is not a compelling government interest.

 c.    In the alternative, Plaintiff asks for a declaration that the unwritten policy or custom, even if based on a compelling government interest, is not narrowly tailored to advance that interest.

 d.    Plaintiff asks for a declaration that the City of Yoakum created a designated public forum by allowing anyone to place an item on the city council meeting agenda. Such is not a

limited public forum because the City of Yoakum does not limit the topics that one may place on the agenda, so long as it is generally related to the city.

43.     Plaintiff asks for a declaration that the unwritten policy or custom complained of is unconstitutional on its face and as applied to Mrs. Johnson when Stary was no longer a city employee after January 10, 2018.

a.     Plaintiff asks for a declaration that the unwritten policy or custom is content-based viewpoint discrimination, as it permits praise but prevents criticism about the same fact-pattern involving the same people.

b.     Plaintiff asks for a declaration that the unwritten policy or custom is based on an illegitimate government plan to conceal wrong-doing of former city employees so that they may easily gain employment with other government entities and/or later seek re-employment with the City of Yoakum, while shielding the City of Yoakum from negligent hiring and retention claims.

c.     In the alternative, Plaintiff asks for a declaration that the unwritten policy or custom, even if based on a legitimate government interest, is not narrowly tailored to advance that interest.

d.     Plaintiff asks for a declaration that the City of Yoakum created a designated public forum by allowing anyone to place an item on the city council meeting agenda. Such is not a limited public forum because the City of Yoakum does not limit the topics that one may place on the agenda, so long as it is generally related to the city.

44.     Plaintiff asks for a declaration that Karissa Johnson has a First Amendment protected right to

criticize a current and/or former city employee in a public city council meeting during her designated comments period in a public City of Yoakum council meeting. *See Heaney v. Roberts*, 846 F.3d 795 (5th Cir. 2017).

45.     Plaintiff asks for a declaration that the public has a First Amendment protected right to receive information about allegations of city employee misconduct (current and former), and that the City of Yoakum's unwritten policy or custom violates their right to receive information.

46.     Plaintiff asks that the Court declare that Defendant Steven Keith Stary violated HIPAA. 42 U.S.C. §1320d-6(a)(2) &(3).[2]

## Damages

47.     Plaintiff suffered mental anguish and embarrassment because of the violation of her fundamental constitutional rights.

## Punitive Damages

48.     Defendants are liable for punitive damages as they intended to violate, or were consciously indifferent to, Plaintiff's constitutional rights.

## Demand for Jury Trial

49.     Plaintiff respectfully requests a jury trial.

## Relief

50.     In light of the foregoing, Plaintiff requests Judgment against the Defendants as follows:

1.   Compensatory damages from the Defendants, in an amount to be determined by the trier of

---

[2] Plaintiff acknowledges *Acara v. Banks*, 470 F.3d 569 (5th Cir. 2006), but believes it to be wrongly decided and/or inapposite. *See Healthtek Solutions, Inc. v. Fortis Benefits Ins. Co.*, 274 F.Supp.2d 767 (E.D. Virginia 2003) and *Stang v. Clifton Gunderson Health Care Plan*, 71 F.Supp.2d 926 (W.D. Wis. 1999).

fact;

2.  Punitive damages from the Defendants in an amount to be determined by the trier of fact;

3.  Pre-judgment and post-judgment interest;

4.  Reasonable costs, expenses, and attorney's fees pursuant to 42 U.S.C §1988(b) and expert

     fees pursuant to 42 U.S.C. §1988(c);

5.  Declaratory relief pursuant to 28 U.S.C. §2201;

6.  Injunctive relief pursuant to 42 U.S.C. §1983; and

7.  All such other relief to which Plaintiff is entitled.

Respectfully Submitted,
Plaintiff

By:
/s/ Millie L. Thompson
Millie L. Thompson
Texas State Bar Number:  24067974
*The Law Office of Millie L. Thompson*
1411 West Ave., Ste. 100
Austin, Texas 78701
Telephone: (512) 293-5800
Fax: (512) 682-8721
Email: millieaustinlaw@gmail.com